

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
        FILED
      NOV - 5 1998
   NANCY DOHERTY, CLERK
   BY _____
              Deputy
```

| | |
|---|---|
| VOGEL DENISE NEWSOME, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:97-CV-3172-G |
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

```
ENTERED ON DOCKET
NOV - 6 1998 PURSUANT
  TO F.R.C.P. RULES
    58 AND 79a
```

## MEMORANDUM ORDER

Before the court are (1) the motion of the defendant the United States Equal Employment Opportunity Commission ("EEOC") to dismiss plaintiff's claims against it and (2) the motion of defendants Talegen Holdings, Inc. ("Talegen") and Floyd West & Company ("FWC") for summary judgment. After careful consideration, the court concludes that both motions should be granted.

### I. BACKGROUND

In 1986, Plaintiff Vogel Denise Newsome ("Newsome") began working for FWC, an insurance brokerage company, as a transcription operator. By 1988,



Newsome had applied for promotion six times, but was still working in the same capacity. Convinced that FWC had repeatedly refused to promote her solely because of her race, Newsome filed a charge of employment discrimination with the EEOC in July 1988. *See* Plaintiff's Original Complaint ("Complaint") ¶¶ 15-16. The EEOC investigated Newsome's charge, concluded that there had been no violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and issued Newsome a right-to-sue letter. *See* United States Equal Employment Opportunity Commission's Brief in Support of Motion to Dismiss ("EEOC Motion") at 2.

In 1990, Newsome sued FWC for employment discrimination in the United States District Court for the Northern District of Texas. *See* EEOC Motion at 2; Talegen Holdings, Inc. and Floyd West & Company's Motion for Summary Judgment ("Talegen Motion") at 3. This court entered a take nothing judgment against Newsome in that suit. *See* Talegen Motion at 3 and Exhibit B.[1]

In August 1997, Newsome filed the instant action *pro se* in a Louisiana state court, alleging that, during the course of the prior litigation, the EEOC, FWC, and Talegen, an affiliate of FWC, conspired to interfere with her civil rights through

---

[1] Newsome's claims were fully litigated before a United States Magistrate Judge. This court made an independent review of the magistrate judge's findings of fact and conclusions of law, and, in November 1992, rendered judgment in favor of FWC. *See* Talegen Motion, Exhibit B. The Fifth Circuit affirmed the decision, see *id.*, Exhibit C, and the United States Supreme Court subsequently denied Newsome's petition for a writ of certiorari. 510 U.S. 1201 (1994).

"obstruction of justice" in violation of federal law. *See* Complaint ¶¶ 2, 36. Newsome's claims were removed to the United States District Court for the Eastern District of Louisiana, New Orleans Division, pursuant to 28 U.S.C. § 1441(b), and then transferred to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1404(a). *See* Talegen Motion at 3; EEOC Motion at 1-2.

The EEOC now presents this motion for dismissal on the grounds that (1) this court lacks subject matter jurisdiction; (2) the complaint fails to state a claim upon which relief can be granted; (3) Newsome's claims are barred by sovereign immunity; and (4) service of process was insufficient. *See* EEOC Motion at 2. Talegen and FWC move for summary judgment on the grounds that (1) Newsome's claims are barred by the doctrine of *res judicata*; and (2) the complaint is barred by the statute of limitations. Talegen Motion at 2.

## II. ANALYSIS

### A. The EEOC

In her original complaint, Newsome alleges that the EEOC failed to investigate the merits of her 1988 charge of employment discrimination and conspired with FWC and Talegen to deprive her of her civil rights in violation of Title VII, the Fourteenth Amendment to the United States Constitution ("Fourteenth Amendment"), and 42 U.S.C. §§ 1983 and 1985 ("§ 1983, § 1985"). *See* Complaint

¶ 35. Specifically, she complains that the EEOC refused to visit FWC's offices or interview her former co-workers and, instead, accepted "false documentation" from FWC regarding her claim of racial discrimination. See *id.* ¶¶ 34-35. She also alleges that the EEOC willfully omitted the second page of a three page determination letter, which prevented her from exercising her right to appeal the EEOC's decision. See *id.* ¶ 37.

### 1. Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *Insurance Corporation of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-02 (1982). This court may hear a case only if it is authorized to do so by a congressional grant of jurisdiction. See *id.*

The EEOC argues that Newsome's claims against it must be dismissed because this court lacks subject matter jurisdiction under Title VII. Title VII provides district courts with three grants of jurisdiction: (1) 42 U.S.C. § 2000e-5(f)(3), granting jurisdiction over actions brought by the EEOC, the Attorney General, and aggrieved employees against non-federal employers; (2) 42 U.S.C. § 2000e-6(b), granting jurisdiction over pattern or practice cases of general importance brought by the Attorney General; and (3) 42 U.S.C. § 2000e-16, granting jurisdiction over suits brought by federal employees against a federal employer. Nothing in Title VII confers jurisdiction over cases brought by an individual against the EEOC as an

enforcement agency. Thus, to the extent Newsome's claims are premised upon Title VII,[2] this court lacks subject matter jurisdiction to hear those claims. See *Storey v. Rubin*, 976 F. Supp. 1478, 1483 (N.D. Ga. 1997), *aff'd*, 144 F.3d 56 (11th Cir. 1998) (table); *Mitchell v. Equal Employment Opportunity Commission*, 888 F. Supp. 710, 712 (E.D. Pa. 1995).

Subject matter jurisdiction exists, however, to the extent that Newsome's complaint asserts a claim under the United States Constitution or 42 U.S.C. §§ 1983 or 1985. This is true even if, as the EEOC argues, Newsome's complaint fails to state a claim for which relief can be granted under the Constitution or the Civil Rights statutes. When a party asserts a challenge to the district court's jurisdiction and also contests the existence of a federal cause of action, as the EEOC has done in this case, the proper procedure is for the district court to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case. See *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988-89 (5th Cir. 1988). "Only if the federal statute or constitutional provision invoked is clearly immaterial and is

---

[2]   It is not entirely clear whether Newsome intends to assert a right to relief under Title VII. Her complaint clearly states that she is bringing her claims pursuant to Title VII of the Civil Rights Act of 1964. *See* Complaint ¶ 2. In her response to the EEOC's motion to dismiss, however, Newsome argues that she is not suing the EEOC for employment discrimination. *See* Plaintiff's Motion to Deny United States Equal Employment Opportunity Commission's Motion to Dismiss at 10. Rather, she insists that her only claims against the EEOC are for due process and equal protections violations and for conspiracy under 42 U.S.C. § 1985.

invoked solely for the purpose of obtaining jurisdiction or if the claim is wholly insubstantial and frivolous will subject matter jurisdiction be found lacking." *Id.* at 989.

In this case, any claim that Newsome has, if she has any claim at all, must be based on federal law. Thus, the federal statutes and constitutional provisions invoked are clearly material and not invoked solely for the purpose of obtaining jurisdiction. Furthermore, given that Newsome is proceeding *pro se* and has made her allegations in good faith, the court cannot find that Newsome's federal claims are wholly insubstantial and frivolous. Therefore, this court concludes that it has subject matter jurisdiction insofar as Newsome's claims are advanced under the Constitution or the Civil Rights statutes. See *Mitchell*, 888 F. Supp. at 712.

### 2. Failure to State a Claim Upon Which Relief Can Be Granted

Newsome's complaint cannot be dismissed for failure to state a claim unless it appears beyond doubt that she can prove no set of facts in support of her claim which would entitle her to relief. See *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Newsome alleges that the actions of the EEOC violated her rights under the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment provides that no state shall deprive any person of due process or equal protection of the laws. *See* U.S. Const. amend. XIV, § 1. It does not provide a cause of action against federal agencies or persons acting under color of federal law. Thus,

to the extent that Newsome seeks relief under the Fourteenth Amendment, her complaint must be dismissed for failure to state a claim upon which relief can be granted.[3] *See* Fed. R. Civ. P. 12(b)(6).

Newsome also alleges that the EEOC violated Title VII of the Civil Rights Act of 1964. Title VII confers no right of action against the EEOC as an enforcement agency. See *Gibson v. Missouri Pacific Railroad Company*, 579 F.2d 890, 891 (5th Cir. 1978), *cert. denied*, 440 U.S. 921 (1979); see also *Baba v. Japan Travel Bureau International*, 111 F.3d 2, 5-6 (2d Cir. 1997)(holding that Congress did not create a cause of action under Title VII, either express or implied, for a plaintiff to sue the EEOC for its allegedly improper investigation or processing of a case); *Ward v. Equal Employment Opportunity Commission*, 719 F.2d 311, 312-13 (9th Cir. 1983), *cert. denied*, 466 U.S. 953 (1984). Therefore, to the extent that Newsome seeks relief against the EEOC for its alleged failure to investigate her claim or other allegedly improper handling of her complaint, such claim must be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

---

[3] To the extent that Newsome has attempted to allege that the EEOC unconstitutionally denied her due process and equal protection rights, the court construes her complaint as a claim for relief under the Fifth Amendment to the United States Constitution. See *Rutherford v. United States*, 702 F.2d 580, 582 and n.4 (5th Cir. 1983) (holding that the Fourteenth Amendment's restrictions on the powers of the states do not apply to the federal government, but that analogous limitations on federal action are embodied in the Fifth Amendment). These claims are addressed below under the analysis of sovereign immunity.

Newsome avers in her complaint that the EEOC violated 42 U.S.C. § 1983. To state a valid claim under § 1983, Newsome must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. See *Resident Council of Allen Parkway Village v. United States Department of Housing & Urban Development*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993). Newsome's § 1983 claim against the EEOC fails the second prong of this test. The EEOC is a federal agency, and the EEOC officials who investigated, or failed to investigate, Newsome's claims were acting under color of federal law. Therefore, to the extent that Newsome seeks relief under Title 42 U.S.C. § 1983, her claims must be dismissed for failure to state a claim upon which relief can be granted. See *id.*; *Broadway v. Block*, 694 F.2d 979, 981 (5th Cir. 1982).

### 3. Sovereign Immunity

It is well established that the United States may not be sued without its consent. *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir.), *cert denied*, 459 U.S. 832 (1982). This immunity from suit extends to the agencies and officers of the United States as well. *Swift v. United States Border Patrol*, 578 F. Supp. 35, 37 (S.D. Tex. 1983), *aff'd*, 731 F.2d 886 (5th Cir. 1984) (table). A waiver of sovereign immunity cannot be implied; it must be unequivocally expressed. See *Garcia*, 666 F.2d at 966.

There is no congressional waiver of sovereign immunity that applies to the facts of this case. See *Unimex, Inc. v. United States Department of Housing and Urban Development*, 594 F.2d 1060, 1061 (5th Cir. 1979) (holding that the United States has not consented to suit under the Civil Rights Acts, 42 U.S.C. §§ 1981 *et seq.*); see also *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) (holding that the United States has not waived its immunity under the Civil Rights statutes); *Graves v. United States*, 961 F. Supp. 314, 318 (D.D.C. 1997); *Biase v. Kaplan*, 852 F. Supp. 268, 280 (D.N.J. 1994). Therefore, Newsome's claims against the EEOC must be dismissed as barred by the doctrine of sovereign immunity.

### 4. Improper Service of Process

Because the court has concluded that Newsome's claims are barred by sovereign immunity and must be dismissed for lack of jurisdiction and failure to state a claim upon which relief can be granted, the issue of improper service of process need not be addressed.

### B. Talegen and FWC

In her original complaint, Newsome alleges that FWC and Talegen conspired with the EEOC to interfere with and deprive her of her civil rights during the pursuit of her prior employment discrimination claim. Complaint ¶ 2. Specifically, Newsome

maintains that FWC and Talegen "submitted false documentation" to the EEOC[4] during the agency's 1988 investigation of her discrimination charge in order to "cover up an illegal animus" and to "impede proceedings, influence the outcome of [her] claim, [and] deprive [her] of due process and equal protection." See *id.* ¶¶ 11, 18, and 31. Newsome's complaint also alleges that FWC refused to promote her because of her race. See *id.* ¶¶ 24-33. The allegations of racial discrimination and the facts upon which Newsome bases these allegations are identical to the allegations made and the facts relied on by Newsome in her 1990 lawsuit. *See* Plaintiff's Original Complaint ¶¶ 9-15, *Newsome v. Floyd West & Company*, 3:90-CV-0705-G, attached as Exhibit A to Talegen's Motion. The conspiracy allegations, however, are raised for the first time in the present action. Talegen and FWC now move for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, on the grounds that (1) Newsome's conspiracy claims are barred by the statute of limitations and that (2) Newsome's discrimination claims are barred by the doctrine of *res judicata*.

---

[4] Newsome claims that, during the EEOC investigation of her 1988 charge, FWC willfully withheld pertinent information and files and falsified dates and other facts contained in documents actually released to the agency. *See* Complaint ¶¶ 11, 18, 21, and 25.

1. <u>Statute of Limitations</u>

Newsome's conspiracy claims assert a right to relief under 42 U.S.C. § 1985. Section 1985 does not contain an express statute of limitations.[5] It is well-settled, however, that where Congress has not established a statute of limitations for a federally created cause of action, a federal court shall "borrow" the state statute of limitations governing an analogous cause of action. See *Board of Regents of the University of the State of New York v. Tomanio*, 446 U.S. 478, 483-84 (1980). Courts have repeatedly held that civil rights actions brought under 42 U.S.C. §§ 1983 and 1985 are analogous to Texas tort actions. See, e.g., *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987). Therefore, the limitations period applicable to Newsome's conspiracy claims is two years. See *Stroud v. VBFSB Holding Corporation*, 917 S.W.2d 75, 81 (Tex. App.--San Antonio 1996, writ denied) ("The statute of limitations on a claim for civil conspiracy is two years.").

The EEOC investigation of Newsome's charge occurred in 1988 and 1989. Any documentation, false of otherwise, would have been produced by FWC and Talegen to the EEOC during that time. The prior litigation was entirely completed by May 1994. *See* Complaint ¶ 12. Thus, Newsome's statute of limitations on any

---

[5] Newsome insists that her complaint is timely filed because "[t]here are no federal statutes of limitations applicable to case[s] brought under 28 U.S.C. § 1343 involving conspiracy to deprive plaintiff of rights secured by U.S. Constitution." Complaint ¶ 13.

conspiracy claim expired, at the latest, in May 1996. Newsome, however, did not file her complaint alleging a conspiracy until August 1997, more than a year later. Therefore, Newsome's conspiracy claims against FWC and Talegen are barred by the statute of limitations, and FWC and Talegen are entitled to summary judgment.

### 2. Claim Preclusion

FWC maintains that the 1992 order that Newsome take nothing in her prior suit against FWC bars her from bringing any claim against it[6] for racial discrimination or harassment.[7] For a prior judgment to bar an action on the basis of *res judicata*, or claim preclusion, a four-part test must be satisfied: (1) the parties must be identical in both suits, (2) the prior judgment must have been rendered by a court of competent jurisdiction, (3) there must have been a final judgment on the merits, and (4) the same cause of action must be involved in both cases. See *Nilsen v. City of Moss Point, Mississippi*, 701 F.2d 556, 559 (5th Cir. 1983) (en banc); *Kilgoar v. Colbert County Board of Education*, 578 F.2d 1033, 1035 (5th Cir. 1978).

---

[6] Newsome does not allege that Talegen was involved in the racial discrimination that gave rise to her prior lawsuit. Thus, her present claims for discrimination, if any, are against FWC only.

[7] Newsome insists that the present action is premised on the alleged conspiracy between her former employer and the EEOC and that she has abandoned her claims of discrimination. *See* Plaintiff's Motion to Deny Talegen Holdings, Inc. and Floyd West & Company's Motion for Summary Judgment at 2. Newsome's complaint, however, contains several paragraphs which could be construed as attempting to state a claim for racial discrimination. Thus, out of an abundance of caution, the court will address the issue of claim preclusion.

Here, the four-part test is satisfied, and Newsome is precluded from bringing any claim of discrimination against FWC. First, there is no dispute that Newsome and FWC, the only parties to the 1990 litigation, are the identical parties named in this suit. Second, this court, a federal district court, rendered the judgment in the prior lawsuit. Such a court is competent to render judgments in Title VII cases. *See* 28 U.S.C. §§ 1331, 1343. Third, the 1990 lawsuit was resolved by a final judgment on the merits. Newsome fully litigated her claims before a United States Magistrate Judge. This court, after making an independent review of the magistrate judge's findings of fact and conclusions of law, ordered that Newsome take nothing. Finally, the prior lawsuit and the present discrimination claims represent the same cause of action. In both the 1990 case and the present case, Newsome's claims of discrimination are based on the same alleged conduct by FWC. Even though Newsome's prior lawsuit sought relief exclusively under Title VII and the present action includes claims under 42 U.S.C. §§ 1983 and 1985 for violation of her Fourteenth Amendment rights, the Fifth Circuit has held that where a plaintiff states a cause of action for intentional discrimination, as Newsome has in the two cases at issue, the elements of a Title VII claim are identical to those of a § 1983 or § 1985 claim and the cause of action is the same for purposes of claim preclusion. See *Nilsen*, 701 F.2d at 558-59.

## III. CONCLUSION

For the foregoing reasons, Newsome's claims against the EEOC under Title VII, if any, are **DISMISSED** for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Newsome's claims against the EEOC under the Fourteenth Amendment are **DISMISSED** for failure to state a claim upon which relief can be granted. Her claims against the EEOC under 42 U.S.C. § 1983 are **DISMISSED** for failure to state a claim upon which relief can be granted and because they are barred by the doctrine of sovereign immunity. Finally, Newsome's claims against the EEOC under 42 U.S.C. § 1985 are **DISMISSED** because they are barred by the doctrine of sovereign immunity.

Furthermore, Talegen and FWC's motion for summary judgment is **GRANTED**. Newsome's conspiracy claims against Talegen and FWC are **DISMISSED** because they are barred by the statute of limitations, and Newsome's discrimination claims, if any, against FWC are **DISMISSED** because they are barred by the doctrine of claim preclusion.

**SO ORDERED.**

November _5_, 1998.

_A. Joe Fish_
A. JOE FISH
United States District Judge